IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LILLIE D. SMITH,                   :
                                   :
    Plaintiff,                     :
                                   :
v.                                 :     CIVIL ACTION 09-674-M
                                   :
MICHAEL J. ASTRUE,                 :
Commissioner of                    :
Social Security,                   :
                                   :
    Defendant.                     :

## MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 13). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 18). Oral argument was waived in this action (Doc. 19). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Ser-

vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was fifty years old, had completed a high school education[1] and graduated from cosmetology school (Tr. 27), and had previous work experience as a sewing machine operator (Tr. 28). In claiming benefits, Plaintiff alleges disability due to right shoulder impingement, right wrist injury, and a severe neck and back impairment (Doc. 13 Fact Sheet).

The Plaintiff filed applications for disability benefits and SSI on August 7, 2006 (*see* Tr. 18). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Smith could perform her past relevant work as a sewing machine operator (Tr. 15-23). Plaintiff requested review of the hearing decision (Tr. 8-10) by the Appeals Council, but it was denied (Tr. 1-5).

---

[1]Plaintiff testified that she had received a Graduate Equivalency Degree (Tr. 27).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Smith alleges that: (1) The ALJ did not develop a full and fair record; (2) the ALJ did not make a finding regarding the effects of Plaintiff's medications; and (3) the Appeals Council did not properly consider the new evidence (Doc. 13). Defendant has responded to—and denies—these claims (Doc. 14).

Smith first claims that the ALJ did not develop a full and fair record. More specifically, she asserts that more evidence should have been gathered regarding her back impairment (Doc. 13, pp. 4-11). The Eleventh Circuit Court of Appeals has required that "a full and fair record" be developed by the Administrative Law Judge even if the claimant is represented by counsel. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

The evidence shows that, on August 24, 2006, Plaintiff was involved in an accident in which her vehicle was hit from behind by an eighteen-wheeler truck, totaling her car (Tr. 290). Treating physician Dr. Rosemarie Morwessel noted Smith's discomfort and found that she had "exquisite point tenderness around L4-S1 but also mild tenderness along the whole lumbar spine with pain on forward flexion and extension of her spine. She ha[d] a negative l leg stance. Negative straight leg raising test" (Tr. 290). X-rays showed degenerative disc disease at L5-S1 with osteopenia of the vertebral bodies, though there was no

obvious fracture; Dr. Morwessel recommended flexeril,[2] lortab,[3] a back brace, and back exercises, with a follow-up examination in two weeks if no improvement had been made (*id.*). The next medical note from Dr. Morwessel is dated nearly a year later, August 1, 2007, which is set out, in full, herein:

> **Determination of partial permanent impairment rating for Lilly Smith**
>
> In regards to her Triangular Fibrocartilage tear of her right wrist associated with some articular cartilage damage, I believe her permanent partial impairment rating according to the AMA guide fifth edition would be 10% of the upper extremities for damage to the distal radial ulnar joint and radial carpal joint. In regards to her chronic right shoulder impingement and loss of forward flexion and abduction, I believe she has a 2% impairment of the upper extremity. Therefore the total disability for upper extremity would be 12% equal to 7% of the whole person according to Table 16/3 of the AMA guide fifth edition.
> In regards to her permanent work restrictions I believe that she can only do repetitive pushing, pulling and twisting with her right arm when using a wrist splint. I believe she can only carry 5 pounds frequently with her right arm and occasionally 20 pounds with both arms.

(Tr. 333). Plaintiff noted that the ALJ gave great weight to

---

[2] Flexeril is used along with "rest and physical therapy for relief of muscle spasm associated with acute, painful musculoskeletal conditions." *Physician's Desk Reference* 1455-57 (48th ed. 1994).

[3] *Lortab* is a semisynthetic narcotic analgesic used for "the relief of moderate to moderately severe pain." *Physician's Desk Reference* 2926-27 (52nd ed. 1998).

4

this statement, but argued that the doctor was not assessing the totality of her impairments (Doc. 13, pp. 5-6; *cf.* Tr. 22-23). Smith argues that Morwessel did not include, in this evaluation, any consideration of her back impairment.

The Court finds Plaintiff's argument unconvincing for several reasons. First of all, Smith did not see Dr. Morwessel again for back problems after the initial evaluation; the evidence seems to indicate that the August 24, 2006 examination was the last contact at all between the doctor and Plaintiff which occurred before the ALJ rendered his decision. Second, Morwessel's "determination of impairment rating" would certainly have included an assessment of Smith's back pain if it merited consideration as that would have been the time to do it. Additionally, the Court notes that Plaintiff has pointed out that she was seen by Dr. Hussain on November 28, 2007 for back pain (Doc. 13, p. 5; Tr. 335); the Court also notes, though, that this represents a fifteen-month gap between the accident and this "follow-up" examination.

Smith has also argued, in connection with this claim, that the ALJ improperly determined that her back impairment was not a severe impairment (Doc. 13, p. 6). In *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), the Eleventh Circuit Court of Appeals held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on

the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir. 1985); *cf*. 20 C.F.R. § 404.1521(a) (2009).[4]  The Court of Appeals has gone on to say that "[t]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  It is also noted that, under SSR 96-3p, "evidence about the functionally limiting effects of an individual's impairment(s) must be evaluated in order to assess the effect of the impairment(s) on the individual's ability to do basic work activities."

The Court finds no support for Plaintiff's argument.  For the three reasons just enumerated, the Court finds that Smith has not demonstrated that the ALJ committed reversible error in not finding that her back impairment was severe.

Plaintiff's next claim is that the ALJ did not make a finding regarding the effects of Plaintiff's medications (Doc. 13, pp. 16-20).  Smith referred to her testimony to the ALJ that her pain medication only provided slight relief while causing

---

[4]"An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

6

nausea, dizziness, and diarrhea (Tr. 32-33).

The Court's review of the record demonstrates that Dr. Morwessel prescribed flexeril and lortab on the day she examined Smith from her motor vehicle accident, August 24, 2006 (Tr. 290). The Court also notes that while Plaintiff has referenced a Social Security form listing these drugs (Tr. 146), there is no indication that Dr. Morwessel prescribed them more than once or that any other doctor prescribed them either; in any event, Smith has not directed this Court's attention to any other such prescriptions. As such, the side effects would of been of short duration as Plaintiff was taking them for such a limited period.

The Court also notes that it does not appear that Plaintiff indicated to any of her doctors that the medications she had been prescribed were causing negative side effects and that the types of drugs or dosage levels needed to be adjusted. As Smith apparently raised concerns regarding the side effects of her medications to the ALJ first and her own doctors have not indicated any concerns about those effects, the Court finds that the ALJ's failure to credit her claim to be supported by substantial evidence. *See Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990). Smith's claim that the ALJ did not properly consider the side effect of her medications is without merit.

Plaintiff final claim is that the Appeals Council did not properly consider the new evidence (Doc. 13, pp. 11-16).

7

Plaintiff references medical evidence relating to back, shoulder, and neck pain, which radiates into her arms, found in the record at Tr. 343-409.

It should be noted that "[a] reviewing court is limited to [the certified] record [of all of the evidence formally considered by the Secretary] in examining the evidence." *Cherry v. Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985). However, "new evidence first submitted to the Appeals Council is part of the administrative record that goes to the district court for review when the Appeals Council accepts the case for review as well as when the Council denies review." *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1067 (11th Cir. 1994). However, "when the [Appeals Council] has denied review, we will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998), *cert. denied*, 525 U.S. 1124 (1999). The Court notes that the Eleventh Circuit Court of Appeals has further stated the following with regard to this issue:

> Sentence six allows the district court to remand to the Commissioner to consider previously unavailable evidence; it does not grant a district court the power to remand for reconsideration of evidence previously considered by the Appeals Council. Because evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the

> administrative record, that evidence can be
> the basis for only a sentence four remand,
> not a sentence six remand.

*Ingram v. Commissioner of Social Security Administration*, 496 F.3d 1253 (11th Cir. 2007).

If, however, the Appeals Council accepts the case for review, we consider that new evidence as well, though it is to be examined differently from the balance of the evidence. *See* Falge, 150 F.3d at 1323. *Keeton* directs this Court to look at the new evidence and determine whether it meets the three-prong standard for remanding this action. *Keeton*, 21 F.3d at 1068. To make a determination of remand, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

In examining the action at hand, the Court notes that the Appeals Council denied review of the additional evidence (Tr. 1). In reaching this decision, the Appeals Council considered the newly-submitted evidence but found that it did not provide a basis for changing the ALJ's decision (Tr. 1-2).

Under *Falge*, it is unnecessary for the Court to consider the newly-submitted evidence as the Appeals Council denied review.

Nevertheless, the Court finds that *Caulder*'s three-prong standard has not been met because there is not a reasonable probability that the new evidence would change the administrative result. While the new evidence might now provide evidence of disability—and the Court is not finding that it does—it comes too late. The Court has already noted that fifteen months passed between the date of Smith's accident and the follow-up examination. The new evidence begins to accumulate three months after that—a full eighteen months after the accident. If Plaintiff believes that this new evidence demonstrates disability, she should file a new claim. The Court finds that the Appeals Council did not commit error in finding that the new evidence would not have changed the ALJ's decision.

Smith has raised three different claims in bringing this action. All are without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate order.

DONE this 21st day of April, 2010.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE